Rivera Pérez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El presente recurso de certiorari plantea a esta Curia la interrogante de si es nula una sentencia dictada por el Tribunal de Primera Instancia, cuando la notificación, dirigida a la última dirección conocida, de la demanda, del emplazamiento y de la sentencia dictada en rebeldía se envió a una dirección equivocada, habiéndose realizado la notificación de dichos documentos por edictos. La contestación a dicha interrogante es en la afirmativa. Se expide el auto solicitado y se revoca la resolución recurrida, por haberse dictado la sentencia en rebeldía sin jurisdicción sobre la persona.
I
El 28 de mayo de 1997, la parte demandante, aquí recurrida, señor Bonifacio Sánchez, presentó ante el Tribunal de Primera Instancia, Sala Superior de Carolina, una demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria, en contra de los demandados, aquí peticionarios, Francisco Torres Rivera, su esposa Ana L. Sánchez Resto, y la Sociedad Legal de Gananciales compuesta por ambos. En la misma se alegó que: (a) la parte demandada había suscrito un pagaré hipotecario por la suma de sesenta mil dólares ($60,000), más intereses, para el cual se había dispuesto como fecha de vencimiento el 16 de abril de 1995; (b) que el referido pagaré fue garantizado con una hipoteca sobre un inmueble radicado en el Municipio de Trujillo Alto; (c) que el tenedor del pagaré en cuestión lo era la parte demandante, y (d) que la parte demandante, señor Bonifacio Sánchez, había efectuado varias gestiones de cobro respecto a la deuda en cuestión, las cuales habían sido infructuosas. Como remedio a su causa de acción, la parte demandante reclamó que la parte demandada pagara solidariamente las sumas reclamadas o, en su defecto, que se ordenara la ejecución de la hipoteca y la subsiguiente venta en pública subasta del inmueble que garantiza el pagaré. 
Según surge de una declaración jurada prestada por el señor Miguel A. Rodríguez, el 7 de junio de 1997 éste se personó en la residencia de la parte demandada, aquí peticionaria, los esposos Torres Sánchez, con el propósito de efectuar el diligenciamiento personal de los emplazamientos correspondientes a la demanda de epígrafe. No obstante, según se desprende de la mencionada declaración jurada, la co-demandada, aquí peticionaria, señora Ana L. Sánchez Resto se negó a recibir *1129 los emplazamientos en cuestión. 
El 5 de agosto de 1997, la parte demandante, aquí recurrida, señor Bonifacio Sánchez, radicó ante el Tribunal de Primera Instancia una "Moción Solicitando Autorización para Emplazar mediante Edictos". Con fecha de 9 de septiembre de 1997, el referido foro emitió orden, que reza como sigue:

habiéndose demostrado satisfactoriamente que la parte demandada no ha podido ser emplazada personalmente por la parte demandante a pesar de las gestiones realizadas; que de la Demanda [sic] resulta que la demandante tiene causa de acción contra dicha parte demandada, se ORDENA que la parte demandada sea emplazada por medio de edicto, que deberá expedir la Secretaría de este Tribunal y publicarse en un periódico de circulación diaria general una sola vez.

La demandante deberá enviar por correo certificado con acuse de recibo, a la parte demandada a su última dirección conocida, copia de la Demanda [sic] y del Emplazamiento [sic] expedido en este caso, durante los próximos diez (10) días de publicación del Edicto [sic]". 

El edicto del emplazamiento en cuestión se publicó en el periódico El Nuevo Día, edición del 1ro. de octubre de 1997. A pesar de que el señor Bonifacio Sánchez envió por correo certificado a los esposos Torres Sánchez copia de la demanda del caso de autos, así como del emplazamiento, los mismos fueron dirigidos a una dirección equivocada. Esto es, la dirección de los demandados peticionarios, esposos Torres Sánchez, es RR-7, Box 12, San Juan, Puero Rico, 00926. Sin embargo, los documentos fueron enviados a la siguiente dirección: P.O. Box 12, San Juan, Puerto Rico, 00926. La anterior situación provocó que el servicio postal devolviera la mencionada correspondencia. 
El 12 de noviembre de 1997, la parte demandante, aquí recurrida, señor Sánchez, presentó una "Moción Solicitando Anotación de Rebeldía" ante el Tribunal de Primera Instancia. En dicha moción, el señor Sánchez adujo que debido a que los demandados no habían radicado alegación responsiva alguna luego de haber sido notificados de la demanda en cuestión, mediante emplazamiento por edicto, así como a través de correo certificado con acuse de recibo a la última dirección conocida, correspondía se le anotara la rebeldía solicitada. 
La vista en rebeldía fue celebrada el 13 de marzo de 1998. Ese mismo día, el tribunal a quo dictó sentencia en rebeldía, notificada y archivada en autos copia de la misma el 7 de abril de 1998, declarando con lugar la demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria. En su dictamen, el foro recurrido ordenó a la parte demandada, aquí peticionaria, pagar la suma de sesenta mil dólares ($60,000), más los intereses acumulados al interés pactado, a partir del 1ro. de enero de 1995 hasta la fecha del pago total de la obligación. La referida sentencia fue notificada por edictos en las. ediciones del 24 y 30 de agosto de 1998 del periódico El Nuevo Día, dando cumplimiento así a lo dispuesto en la Regla 65.3 de Procedimiento Civil. A pesar de que la Secretaria del Tribunal de Primera Instancia envió copia de la mencionada sentencia a la última dirección conocida de la parte demandada, aquí peticionaria, P.O. Box 12, San Juan, Puerto Rico, 00926, tal dirección, según mencionáramos anteriormente, era una equivocada. Ello produjo que una vez más el servicio postal devolviera dicha correspondencia. 
El 6 de octubre de 1998, la parte demandante, aquí recurrida, señor Bonifacio Sánchez, presentó ante el Tribunal de Primera Instancia una "Moción Solicitando Ejecución de Sentencia". Con fecha de 4 de noviembre de 1998, el foro recurrido emitió una resolución ordenando la ejecución y venta en pública subasta del inmueble que garantiza el pagaré hipotecario. El 18 de noviembre de 1998, la parte demandada, aquí peticionaria, los esposos Torres Sánchez, presentaron ante el tribunal a quo un escrito titulado "Comparecencia Especial", en el cual, sin someterse a la jurisdicción del Tribunal, solicitaron que se declarara nula la sentencia dictada el 13 de marzo de 1998. El fundamento esbozado en apoyo de tal solicitud consistió en que se le había violado el debido proceso de ley, debido a que no habían sido notificados de la vista en rebeldía, así como tampoco de la sentencia dictada. 
Con fecha de 1ro. de diciembre de 1998, notificada a las partes el 3 de diciembre de 1998, el Tribunal de Primera instancia emitió la siguiente orden: 

*1130
"No ha lugar. Se le recuerda al abogado que meras alegaciones o la argumentación del abogado no constituye prueba. Un examen del expediente demuestra que se cumplió debidamente con las gestiones de emplazar y que los demandados tenían pleno conocimiento del procedimiento en su contra como para oponer su defensa de protección en quiebra."

Inconforme con dicho dictamen, la parte demandada, esposos Torres Sánchez recurren ante nos, alegando como único error cometido por el Tribunal de Primera Instancia lo siguiente:

"Erró la Honorable Juez María del Carmen Martínez Lugo del Tribunal de Primera Instancia, Sala Superior de Carolina, al declarar no ha lugar una moción de comparecencia especial sometida por la parte demandada-recurrente [sic], mediante la cual se solicitaba se declarara nula la sentencia por falta de adecuada notificación del señalamiento de la vista en rebeldía y de la sentencia dictada, violentando así el debido proceso de ley de la recurrente."

La parte recurrida, señor Bonifacio Sánchez, compareció ante nos con un escrito en "Oposición al Certiorari", en el cual admitió que la copia de la demanda, del emplazamiento y de la notificación de la sentencia en rebeldía se enviaron a una dirección incorrecta. Sin embargo, el señor Bonifacio Sánchez entiende que el remedio adecuado en este caso sería que se le notificara nuevamente de la sentencia en rebeldía a los demandados, aquí peticionarios, a la verdadera dirección conocida. 
En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo apropiado para notificar a un demandado de que se ha entablado una acción en su contra y para garantizarle su derecho a ser oído y defenderse. La Regla 4.1 de Procedimiento Civil establece que una vez se presente una demanda en el Tribunal de Primera Instancia, el Secretario expedirá inmediatamente el emplazamiento correspondiente.
Dicho emplazamiento será diligenciado personalmente por un alguacil o una persona particular, que cumpla con los requisitos que dispone la Regla 4.3 de Procedimiento Civil, dentro del término de seis (6) meses de ser expedido. En determinadas excepciones, la Regla 4.5 de Procedimiento Civil, según enmendada, permite emplazar a un demandado a través del mecanismo de emplazamiento por edictos, cuando el diligenciamiento personal es imposible. Las excepciones que enumera la Regla 4.5 de Procedimiento Civil, supra, son las siguientes: (a) que el demandado esté fuera de Puerto Rico; (b) que se desconoce su paradero; (c) que el demandado se oculta para no ser emplazado; y (d) si el demandado fuera una corporación extranjera sin agente residente. Si existe una de estas excepciones, luego que el tribunal compruebe mediante declaración jurada las diligencias realizadas por el emplazador y que existe .una reclamación que justifica la concesión de un remedio, y que el demandado es parte necesaria en el pleito, el tribunal podrá dictar una orden permitiendo que el emplazamiento se realice a través de edictos.
La Regla 4.5 de Procedimiento Civil, supra, establece que la orden permitiendo el emplazamiento por edicto dispondrá que el mismo se publique una sola vez en un periódico de circulación general en Puerto Rico. Además, dentro del término de los diez (10) días siguientes a la publicación del edicto, se enviara al demandado una copia de la demanda presentada y el correspondiente emplazamiento a la última dirección conocida, por correo certificado y acuse de recibo, o por cualquier otra forma de entrega de correspondencia con acuse de recibo. La única forma de eximir del cumplimiento de este último requisito es que el demandante presente una declaración jurada expresando que, a pesar de los esfuerzos realizados, no ha sido posible localizar una residencia conocida del demandado.
Los requisitos que establecen las Reglas de Procedimiento Civil, supra, en cuanto al diligenciamiento del emplazamiento, son de cumplimiento estricto. Tanto es así, que el Tribunal de Primera Instancia no adquiere jurisdicción sobre la persona del demandado si no se cumple con cada uno de los requisitos que señala tal normativa procesal. Si ese fuere el caso, la única otra forma en que el tribunal adquiere jurisdicción sobre la persona del demandado sería mediante la sumisión voluntaria de éste a la jurisdicción de ese tribunal, que puede ser de forma explícita o tácita. 
La consecuencia de que el tribunal a quo no adquiriera jurisdicción sobre el demandado es que la sentencia dictada es nula y, por consiguiente, no queda obligado por el dictamen que ese tribunal filialmente emitió. Esto es así, porque el concepto de jurisdicción sobre la persona está estrechamente *1131 relacionado al debido proceso de ley, específicamente el derecho a ser oído y a defenderse. 
En el caso ante nos, los demandados, aquí peticionarios, esposos Torres Sánchez, no fueron notificados, conforme a derecho, de la demanda incoada en su contra. Como mencionáramos anteriormente, la parte demandante, aquí recurrida, señor Bonifacio Sánchez, reconoció en su escrito presentado ante nos que la demanda y el emplazamiento correspondiente fueron enviados a una dirección equivocada. Por consiguiente, el tribunal a quo nunca adquirió jurisdicción sobre la persona de los aquí peticionarios. La sentencia dictada por el Tribunal de Primera Instancia fue emitida sin jurisdicción sobre la persona de los demandados. Por tanto, la sentencia dictada es nula y no obliga a éstos. Era deber del demandante, señor Bonifacio Sánchez, asegurarse que la notificación de los referidos documentos se dirigieran a la última dirección conocida de los demandados, esposos Torres Sánchez. 
IX
Una sentencia final es aquella que resuelve en los méritos un caso produciendo la finalidad del litigio. La Regla 46 de Procedimiento Civil, según enmendada, señala que es deber del Secretario notificar las sentencias, lo más pronto posible, archivando en autos copia de la sentencia y de la constancia de la notificación y registro de la misma. "La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo". A su vez, la Regla 65.3 de Procedimiento Civil ordena que:

"(b) El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad sea conocida, copia de la notificación a la última dirección conocida, y, si su identidad fuere desconocida o figurare con un nombre ficticio a fines de la tramitación del pleito, publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación."

La notificación de la sentencia emitida es parte del debido proceso de ley. Esto es así, debido a que la falta de una notificación adecuada puede menoscabar el derecho de una parte a cuestionar la sentencia dictada por un tribunal. A modo de ejemplo, las sentencias que ordenan el pago de cierta cantidad de dinero, en las cuales los intereses se computan a partir de la fecha en que se dicta la sentencia hasta que la misma sea satisfecha. La consecuencia directa del incumplimiento en el trámite de notificación de la sentencia es que la misma no surtirá efecto ni podrá ser ejecutada. 
La Regla 65.3 de Procedimiento Civil, supra, específicamente ordena que la sentencia se notifique a una parte en rebeldía enviando una copia de ella a la última dirección conocida. En este caso no se cumplió con dicho requisito. Esto es así, debido a que nuevamente la correspondencia se envió a la dirección equivocada.
m
Por los fundamentos anteriormente expuestos, se expide el auto solicitado y se revoca la resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General